IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CLAUDIA AND DONALD ALBERS, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 04-271-MJR |
| | ) | |
| EXXONMOBIL COAL USA, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION
### FOR VOLUNTARY DISMISSAL

COMES NOW, Defendant ExxonMobil Coal USA, Inc., d/b/a Monterey Coal Company

("Monterey"), and for its Response to Motion for Voluntary Dismissal which Plaintiffs claim to

be filing pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Defendant Monterey

requests the Court grant Plaintiffs' Motion for Voluntary Dismissal subject to the condition that

should the Plaintiffs file an identical or similar cause of action in the future, such action must be

refiled in this Court.

### DISCUSSION

On April 21, 2004, over two hundred and fifty plaintiffs filed a five-count Complaint (*see*

docket entry 1) against Defendant Monterey alleging claims for negligence, intentional trespass,

nuisance, strict liability and property damage.  Defendant Monterey filed a Motion to Dismiss

and/or for More Definite Statement together with a twenty-page Memorandum in Support on

June 7, 2004.  *See* Defendant's Memorandum in Support of Its Motion to Dismiss and/or Motion

for More Definite Statement, docket entries 11 and 12.  On July 22, 2004, Plaintiffs filed an

eighteen-page Response to that motion, and on August 2, 2004, Defendant Monterey filed its six-

2418200

page Reply to Plaintiffs' Response. *See* Plaintiffs' Response and Answering Brief to Defendant's Motion to Dismiss and/or Motion for More Definite Statement and Defendant's Reply Memorandum in Support of Its Motion to Dismiss and/or Motion for More Definite Statement, docket entries 15 and 19, respectively. Therefore, Defendant Monterey's Motion to Dismiss and/or for More Definite Statement has been fully briefed and is currently pending.

On July 26, 2004, the Court issued a four-page Memorandum & Order directing the Plaintiffs "to file a jurisdictional memorandum…clarifying Exxon's principal place of business and addressing whether Plaintiffs satisfy the amount in controversy requirement for this Court to have proper jurisdiction over this matter…" *See* 7/26/04 Memorandum & Order, docket entry 18. Pursuant to the Court's Order, on August 10, 2004, Plaintiffs filed a five-page memorandum establishing that subject matter jurisdiction properly lies in this Court due to diversity jurisdiction because Plaintiffs and Defendant Monterey are citizens of different states and the amount in controversy exceeds $75,000. *See* 8/10/04 Plaintiffs' Jurisdictional Memorandum, docket entry 20. On August 17, 2004, Defendant Monterey filed a five-page response agreeing with Plaintiffs that this Court had subject matter jurisdiction over the controversies addressed within the Complaint. *See* Defendant's Response to Plaintiffs' Jurisdictional Memorandum, docket entry 23.

On August 27, 2004, the Court issued a three-page Memorandum & Order finding "that the amount in controversy requirement of the federal diversity state…has been met." The Court sought "clarification as to the citizenship of certain Plaintiffs…" and therefore directed the Plaintiffs to file a second jurisdictional brief specifying the citizenship and the type of entities for certain Plaintiffs that appeared to be businesses. *See* 8/27/04  Memorandum & Order, docket entry 25. In compliance with the Court's August 27, 2004 Memorandum & Order, the Plaintiffs

filed a three-page memorandum on September 9, 2004 establishing that complete diversity exists and the Court has jurisdiction over the controversies set forth in the Complaint. *See* 9/9/04 Jurisdictional Memorandum II, docket entry 26.

On October 1, 2004, the Court and the parties attended a status conference. At the conclusion of the status conference, the parties were directed by the Court to submit a proposed case management order by October 22, 2004. *See* Minutes, docket entry 27. Following the status conference, Defendant's and Plaintiffs' counsel met to discuss the viable concepts for a proposed case management order. Thereafter, Defendant Monterey put considerable work into drafting a proposed case management order and a motion regarding the same. Much of the effort in the proposed case management order by both parties was directed towards agreeing to provisions that would ensure that each of the more then two hundred and fifty Plaintiffs made a threshold showing of an injury-in-fact. These provisions were designed to avoid wasting judicial and party resources on Plaintiffs who did not and could never have meritorious claims in this proceeding. Monterey provided Plaintiffs with a draft order on Monday, October 18, 2004 and continued its efforts with the Plaintiffs in an attempt to agree upon the form of the order. Defendant Monterey believed, based on statements of Plaintiffs' counsel, that the proposed order was generally agreeable to the Plaintiffs except that Plaintiffs wished to propose changing same of the proposed dates. Defendant waited for Plaintiffs' counsel to propose alternative dates until Friday, October 22, 2004 (the deadline established by the Court), whereupon Monterey received the surprising news that Plaintiffs had decided to file their Motion for Voluntary Dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure in which they seek leave of court to dismiss the above-captioned case.

Even though defendant in this case has not filed an answer or Motion for Summary Judgment, it is clear, as reflected in the Advisory Committee notes to Rule 41 (a)(1), that Rule 41(a) of the Federal Rules of Civil Procedure added the exception for dismissal without leave of Court for a  Motion For Summary Judgment for a good and legitimate reason.  The Advisory notes make clear that  the rule was changed because of the concern that  "[a] motion for summary judgment may be forthcoming prior to answer, and if well taken will eliminate the necessity for an answer.  Since such a motion may require even more research and preparation than the answer itself, there is good reason why the service of the motion, like that of the answer, should prevent a voluntary dismissal by the adversary without Court approval."  See Fed. R. Civ. P. 41(a), 1946 amendment note on subdivision (a).

Defendant Monterey is concerned the dismissal of the Plaintiffs' lawsuit could lead to the waste of judicial and private resources and needless duplication of efforts already expended if the Plaintiffs are allowed to refile their Complaint at a later date in a different forum.  As reflected in the pleadings cited above, over the past six months the Court and the parties have expended considerable resources on various issues, including an extensive examination to ensure jurisdiction with this Court is proper (see docket entries 18, 20, 23, 25 and 26) and discussions regarding the status of the case and the terms of a proposed case management order, not to mention some forty or more pages of briefing on substantive legal issues, portions of which go to the merits of Plaintiffs' claims.

This Court and the Plaintiffs know full well the extent to which Defendant Monterey in its Motion to Dismiss attempted to put before the Court good and legitimate defenses and arguments on the merits of the underlying claims of Plaintiffs and spent considerable legal resources and judicial resources in presenting those matters to the Court.  As a result of these

efforts, jurisdiction has been conclusively established, substantive issues in this case are fully briefed and await the Court's ruling, and a viable approach to managing this lawsuit has been devised and is ready for the Court's consideration.  In short, after significant effort and expenditure of private and judicial resources, substantial progress has been made toward managing and resolving significant issues in this litigation.  Defendant Monterey is concerned that the resources already invested in this matter not be lost or forced to be duplicated. Defendant Monterey therefore requests that Plaintiffs' Motion for Voluntary Dismissal be granted with the provision that should the Plaintiffs decide to refile the same Complaint or a similar Complaint, such a Complaint shall be filed in this Court.  It seems clear under these circumstances that the modest limitations that Defendant Monterey is seeking on dismissal with approval of the Court is certainly justified and proper here both for the sake of judicial economy and fundamental fairness.

WHEREFORE, Defendant ExxonMobil Coal USA, Inc. d/b/a Monterey Coal Company requests that this Court grant Plaintiffs' Motion for Voluntary Dismissal, order Plaintiffs to refile their same or similar Complaint in the United States District Court for the Southern District of Illinois should they choose to pursue their alleged causes of action, and to grant such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,


/s/ Joseph M. Kellmeyer
Raymond L. Massey, # 01788787
Peter S. Strassner, #06192578
Joseph Kellmeyer, #06205864
Paul T. Sonderegger, #6276829
525 West Main Street
P.O. Box 750
Belleville, Illinois  62222-0750
618-277-4700
FAX 618-236-3434
E-mail: psonderegger@thompsoncoburn.com
         pstrassner@thompsoncoburn.com
         rmassey@thompsoncoburn.com
         jkellmeyer@thompsoncoburn.com


Attorneys for Defendant ExxonMobil Coal USA,
Inc.

OF COUNSEL:
THOMPSON COBURN LLP


## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the following:

Penni S. Livingston
Livingston Law Firm
4972 Benchmark Centre
Suite 100
Swansea, Illinois 62226


/s/ Joseph M. Kellmeyer

2418200